**UNITED STATES District Court**

**NORTHERN DISTRICT OF OHIO**

**801 W Superior Ave, Cleveland, OH 44113**

**Case # and Judge to be Assigned**

FILED

JAN 1 2 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**PLAINTIFF: Paul A Drockton (Pro-Se)**

**4849 Grace Road, Unit 217**

**North Olmsted, OH 44070**

**(801) 857-5529**

pdrockton@aol.com

1:24 CV 00081

**JUDGE CALABRESE**

**VS**

**Byron Belka, (Individual) and all owned entities**

**Rain International LLC (Utah, Delaware and any other locations)**

**Travis Perry (Individual) and all owned entities**

**Innovative Flexpak AKA: Innovative Labs**

JURY TRIAL REQUESTED

**COMPLAINT: Filed by 1-10-24  (Defendant Response Due 21 days after Summons Received)**

**PREAMBLE: Plaintiff Paul A Drockton is Suing Defendants Byron Belka, Travis Perry, Innovative Flexpak (AKA Innovative Labs), Rain International LLC Delaware, Rain LLC Utah, and any other legal entity**

$405.00 Paid 1/12/2024 Receipt # 149643 AF

or individual involved in the  activities described in this complaint or identified through Discovery.

Plaintiff contends that Defendants have violated his Constitutional Rights, Due Process Rights, Rights to Arbitration and a Jury Trial, Arbitration and Contract Rights in the State of Ohio from May 2022 to present.  Plaintiff also claims that Defendants have violated Federal and State Laws including the Federal and State Laws pertaining to operating a criminal conspiracy in violation of RICO or corrupt organizations acts.  Plaintiff also contends Defendants have retaliated against him for being a Federal and State Whistleblower. Plaintiff also contends that Defendants were unjustly enriched at his expense, committed Fraud

## JURISDICTIONAL ALLEGATIONS

1.  This is an action for money damages in excess of $20,000,000. During the time of all material actions Plaintiff was a resident of Northern Ohio. Previous material actions also relevant to this Complaint occurred in the United States of America (State of Utah)from 2013 to present.

2.  At all times material to this lawsuit, all Defendants were residents of the State of Utah in the United States.

3. **All acts necessary or precedent to this lawsuit occurred in the State of Ohio from May, 2022 to the present.**

4. **All acts necessary or precedent to this lawsuit that occurred prior to May 2022 occurred in the State of Utah.**

5. **This Court has Jurisdiction.**

## GENERAL FACTUAL ALLEGATIONS

1. **Defendants Breached their Contract multiple times with Plaintiff by Litigation instead of Arbitration.**

2. **Defendants continue to be unjustly enriched by terminating Contract with Plaintiff without Arbitration.**

3. **Defendants have continued their retaliation against Plaintiff as a Federal Whistleblower.**

4. **Defendants have Fraudulently sought to collect on a VOID judgement in Ohio and Utah.**

5. **Defendants Tried to illegally Collect a Debt against Plaintiff in Ohio for and in behalf of a Criminal Pyramid Scheme.**

6. **Defendants denied Plaintiffs Rights to a Fair Hearing and Due Process in their 2022 Medina, Ohio lawsuit.**

7. **Defendants admitted their Judgement was without merit in their**

Chapter 7 Admissions.

8. Defendants Actions in Ohio and Utah were retaliatory against Plaintiff exposing Product and Label Fraud discovered by a third party lab test.

9. Defendants have unjustly continued Malicious Prosecution against Plaintiff in Ohio.

10. Plaintiff is Entitled to a Jury Trial

11. Defendants actions constitute a Conspiracy and Violate the Civil Rico Act.

12. Plaintiff is entitled to Punitive and Compensatory Damages from

13. Defendants.

**COUNT ONE: BREACH OF CONTRACT :**

Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

1. The 2013 Distributor Contract between Plaintiff and Defendants (and all revisions) through the date of termination guarantee that all disputes between the parties would be resolved through

**arbitration.**

2. **Defendants ignored multiple requests for arbitration and have litigated multiple times against the Plaintiff in both Ohio and Utah.**

**Wherefore: Plaintiff moves the Court to enter an order for monetary damages for Breach of Contract against Rain Owner/CEO Byron Belka, Rain International Utah and Delaware LLCs and Travis Perry as the principal owner of Rain International. Jury Demand Requested by Plaintiff.**

**COUNT TWO: UNJUST ENRICHMENT THROUGH BREACH OF CONTRACT**

**1.Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.**

**2.After terminating Plaintiffs Contract, the Defendants Byron Belka, Travis Parry, and Rain International Utah & Delaware, continued to personally and collectively collect commission overrides from his Recruits and downlines through to the present day.**

**3The minimum compensation was 1 years earnings to be determined**

**through Arbitration.**

**4.Defendants Travis Perry, Byron Belka and Rain International denied Plaintiffs Rights to arbitration at termination.**

**5.Defendants denied Plaintiffs Rights to Arbitration in their Utah and Ohio Litigation through the present day.**

**Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Rain International Utah and Rain International Delaware for Unjust Enrichment and Breach of Contract. Jury Demand Requested by Plaintiff.**

**COUNT THREE: ONGOING RETALIATION AGAINST A FEDERAL WHISTLEBLOWER**

**1.Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.**

**2.Plaintiff is a Federal and State Whistleblower who has suffered and continues to suffer retaliation from the Plaintiffs.**

**3.This retaliation has come in the form of defamation and various**

vexatious and fraudulent litigation against the Plaintiff by Defendants.

Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Rain International Utah and Rain International Delaware for Retaliation against a Federal Whistleblower. Jury Demand Requested by Plaintiff.

## COUNT FOUR: FRAUDULANT ATTEMPTS TO COLLECT A VOID JUDGEMENT IN OHIO AND UTAH.

1.Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

2.Defendants Byron Belka, Rain International Utah and Delaware and Travis Parry violated Plaintiffs Rights to a Jury Trial, Fair Hearing, Discovery and other Rights Guaranteed by the Constitution in securing their Default Utah Judgement against him. As well as his contractual right to arbitration.

3.The US Supreme Court has ruled that any judgment ordered by the violation of rights is VOID from its inception.

4.Defendants have fraudulently  tried to collect on a VOID Judgement.

Wherefore: Plaintiff moves the Court for monetary damages against

Byron Belka, Travis Parry, Rain International Utah and Rain International Delaware for trying to collect from him on a fraudulent judgement. Jury Demand Requested by Plaintiff.

**COUNT FIVE: ILLEGAL ATTEMPT TO COLLECT A DEBT IN OHIO FOR AND IN BEHALF OF A CRIMINAL PYRAMID SCHEME.**

1.Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations.

2Defendants were operating  a Criminal Pyramid Scheme as defined by Ohio law during the period leading up to the termination of their contract with Plaintiff.

3.In its Chapter 7 Court Admissions, Defendants admitted they were operating said Pyramid Scheme.

4.Pyramid Schemes are a criminal violation of Ohio Law. It is illegal for a Criminal Organization to collect a debt in the State of Ohio.

Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Rain International Utah and Rain International Delaware for trying to collect a Criminal Pyramid Scheme Debt in Ohio. Jury Demand Requested by Plaintiff.

**COUNT SIX: DENYING PLAINTIFFS RIGHTS TO DUE PROCESS IN MEDINA,OHIO COURT (2022)**

1.Defendants had Plaintiff labeled a Vexatious Litigant in Medina, Ohio contrary to Ohio Law.

2.Plaintiff had never filed a lawsuit in Ohio and was only responding to Defendants attempt to collect their VOID judgment issued in Utah in the State of Ohio.

3.Plaintiff had the right to a Fair Hearing, Due Process and Jury Trial in his challenges to Defendants Fraudulent Lawsuit.

4.Plaintiff was denied these rights as a result of being unlawfully labeled a Vexatious Litigant.

**Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Rain International Utah and Rain International Delaware for having him wrongfully labelled a Vexatious Litigant to undermine his defense against their VOID and Fraudulent Judgement Ohio litigation attempts.**

**COUNT 7:DEFENDANTS CLAIMS AGAINST PLAINTIFF AND THEIR ADVERSERIAL CLAIMS AGAINST HIM IN HIS CHAPTER 7 WERE FRAUDULANT**

1. All admissions submitted to the Defendants in the Chapter 7 went without a response and were properly admitted.

2. These admissions show the fraudulent claims by Defendants against Plaintiff were false.

3. The Defendants admissions also showed that Defendants judgement was VOID.

4. Defendants refused to provide requested documents proving they paid any legal fees in their initial judgement litigation.

5. Defendants refused to provide proof of any actual economic losses from Plaintiff as requested by Plaintiff.

Wherefore: Plaintiff moves the Court to set aside Defendants Judgement as VOID for failure to document actual damages and admitting Plaintiffs alleged Defamation statements were true. Jury Demand Requested by Plaintiff.

COUNT 8: DEFENDANTS ACTIONS AGAINST PLAINTIFF IN OHIO AND UTAH WERE IN RETALIATION TO HIM PUBLISHING A THIRD-PARTY PRODUCT TEST.

1. Defendants claims of defamation with the resulting judgement and

**OHIO litigation were the result of Plaintiff publishing a third Party Lab Test of Defendants signature product RAIN SOUL by Summit Labs LLC**

**2.The Third Party lab test was ordered and paid for by a Rain competitor. Plaintiff had no influence on its production.**

**3.The results showed that Defendants were selling a much different product than the one they had advertised.**

**4.Plaintiff Discovery request for the Manufacturer  Lot  and Batch number/sheet and other information listed on the Lab Test were denied.**

**5.Plaintiff also filed a complaint with both the FDA and the FTC**

**Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Innovative Flexpak ,Rain International Utah and Rain International Delaware for Malicious Prosecution and Retaliation for publishing a true and factual lab test of their product Rain Soul. Jury Demand Requested by Plaintiff.**

**COUNT 9: DEFENDANTS HAVE PURSUED MALICIOUS PROSECUTION AGAINST PLAINTIFF in OHIO and UTAH.**

1.Defendants knew they were filing malicious prosecution without any merit against Plaintiff when they filed their defamation suit.

2.Defendants provided zero evidence of Defamation in both Utah and Ohio

3.Defendants admitted to the truth of Plaintiffs claims in their response to his requests for admission (which were admitted)

Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Innovative Flexpak ,Rain International Utah and Rain International Delaware for Malicious Prosecution and Retaliation for publishing true and factual information, his whistleblower activities and his resistance to their criminal and/or unethical business practices. Jury Demand Requested by Plaintiff.

COUNT 10: PLAINTIFF IS ENTITLED TO A JURY TRIAL AND REQUESTS ONE.

1.Plaintiff moves the Court to Order a Jury Trial to determine Compensatory and punitive damages owed by Defendants.

COUNT 11: PLAINTIFF IS ENTITLED TO ADDITIONAL DAMAGES UNDER FEDERAL CIVIL RICO LAWS FROM DEFENDANTS.

1.Plaintiff will prove Conspiracy and various crimes were committed by the Defendants which violated the Federal CIVIL RICO ACT.

Wherefore, Plaintiff moves the Court to permit him to amend his complaint with a list of RICO and other violations once he has completed Discovery, which he believes will identify other Defendants and/or complaints against the listed Defendants or their co-conspirators. Jury Demand Requested by Plaintiff.

**COUNT 12: PLAINTIFF IS ENTITLED TO BOTH COMPENSATORY AND PUNITIVE DAMAGES FROM DEFENDANTS.**

1.Defendants have caused Plaintiff loss of business revenue through their ongoing tortuous interference in his affairs. They have also caused him severe emotional and physical stress resulting in multiple health issues. They have damaged his interpersonal and family affairs etc.

Wherefore: Plaintiff moves the Court for monetary damages against Byron Belka, Travis Parry, Innovative Flexpak ,Rain International Utah and Rain International Delaware for Punitive Damages as decided by a Jury.  Jury Demand Requested by Plaintiff.

**RELIEF REQUESTED**:

1.Plaintiff moves the Court to order a Jury Trial on all Counts in this Complaint. With a Requested  Jury Demand of up to $20,000,000 in Compensatory damages to Plaintiff and up to $40,000,000 in Punitive Damages for all Counts in this Complaint.

2.Plaintiff also moves the Court to grant permission for Plaintiff to seek additional compensation under the Federal Civil RICO laws by amending this complaint.

3.Plaintiff also moves the Court to permit the addition of other individuals or events identified through his Discovery to his Complaint.

**I testify the foregoing statements are true to the best of my knowledge under threat of perjury.**

*Paul A Drockton*

**Paul A Drockton**

**1-8-23**

PH: 1-801-857-5529

Email: pdrockton @aol.com

Address: Paul A. Drockton, Jr. 4849 Grace Road, Unit 217 North Olmsted, OH 44070