UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL A. DROCKTON, | Case No. 1:24-cv-81 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| BYRON BELKA, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Paul A. Drockton filed this action without a lawyer against Byron Belka, Travis Perry, Rain International, LLC, and Innovative Flexpak. Plaintiff alleges that all Defendants are residents of Utah while he resides in Ohio. He alleges that all actions described in the complaint occurred in Utah, with the exception of a debt collection action that Defendants filed against Plaintiff in the Medina County Court of Common Pleas on March 10, 2023. Plaintiff appears to challenge judgments entered against him and in favor of Defendants in a Utah State court. He asks the Court to declare that those judgments are void and seeks to relitigate issues decided in those cases.

Defendants move to strike the complaint under Rule 12(f) of the Federal Rules of Civil Procedure based on an order in a Utah State court declaring Plaintiff to be a vexatious litigator. Defendants contend that the Court should recognize that order and strike this case for failing to comply with the Utah court's restrictions. Also, Defendants move to dismiss under Rules 12(b)(1), (2), (3), and (5). This motion

challenges the Court's subject matter jurisdiction, which is based on diversity and federal question jurisdiction, and claim that the *Rooker-Feldman* doctrine bars this action. Finally, Defendants assert that the Court lacks personal jurisdiction over them and contend that venue is improper in the Northern District of Ohio.

## STATEMENT OF FACTS

Despite the voluminous number of documents in this case, none of them contains factual allegations. With some assistance from a complaint filed in an adversarial bankruptcy case between the parties, s*ee Rain International, Inc. v. Drockton*, No. 23-01078 (Bankr. N.D. Ohio filed Oct. 12, 2023), and the 582 pages of exhibits attached to the parties' motions, the Court was able to piece together the events that led to this lawsuit. At this stage of the proceedings, and in the current procedural posture, the Court construes the facts in favor of Plaintiff.

Rain International is a direct sales company that specializes in seed-based health and wellness products. (ECF No. 19, Page ID #313.) In May 2012, Mr. Drockton successfully completed an application to become a distributor of Rain International's products. (*Id.*)

The relationship between Mr. Drockton and Rain International deteriorated, and Mr. Drockton began to publish negative statements aimed at Rain International and its products on his social media and various websites that he created. (*Id.*, Page ID #314.) On February 22, 2019, Rain International terminated Mr. Drockton's distributorship. (*Id.*) Mr. Drockton continued to publish negative statements about

2

Rain International and its products and formed his own health and wellness company. (*Id.*)

## A. Litigation in Utah

Rain International contended that the published statements were false, misleading, and defamatory and filed a lawsuit against Mr. Drockton in State court in Utah on November 18, 2019. (ECF No. 24-3, PageID #419.) Notwithstanding the filing of the lawsuit, Mr. Drockton continued to publish negative statements about Rain International and its products on social media and his websites, accusing them of operating a criminal pyramid scheme, falsely claiming that Rain International was the target of an FDA investigation, and falsely claiming that executives of Rain International admitted to making fraudulent statements regarding their products. *Rain Int'l, Inc. v. Drockton*, No. 23-01078, ECF No. 1, PageID #8–9 (Bankr, N.D. Ohio filed Oct. 12, 2023). Among the statements Rain International challenged were allegations that Mr. Drockton obtained a sample of a product of Rain International and had a competitor perform a product assay on it. *Id.*, PageID #5–6. Without revealing the source of the assay, Mr. Drockton published a claim that the product had no nutritional value, contrary to Rain International's advertising. *Id.* On November 21, 2021, the Utah State court entered judgment against Mr. Drockton in the amount of $386,207.00. (ECF No. 24-3, PageID #438.) The court also awarded Rain International attorneys' fees in the amount of $ 3,000.00. *Rain Int'l.*, No. 23-01078, ECF No. 1, PageID #9 (Bankr, N.D. Ohio).

Mr. Drockton appealed this judgment to the Utah appellate court and the Utah Supreme Court. (ECF No. 24-3, PageID #439.) While Mr. Drockton was

3

exhausting his appeals, Rain International began efforts to collect the judgment by filing monthly garnishments. (*Id.*) From January 20, 2022 until April 5, 2022, Mr. Drockton filed at least 53 post-judgment motions. (*Id.*, PageID #441–50.) On March 9, 2022, the Utah court declared Mr. Drockton a vexatious litigant. (*Id.*, PageID #450.)

Despite the litigation and the judgment against him, Mr. Drockton continued to publish negative statements about Rain International, including statements that its products contain lead and cause cancer. *Rain Int'l.*, No. 23-01078, ECF No. 1, PageID #11–13 (Bankr, N.D. Ohio). Rain International filed a second lawsuit against Mr. Drockton in State court in Utah seeking to permanently enjoin him from publishing false and defamatory statements about Rain International. *Id.*, PageID #13. On January 31, 2023, the State court in Utah granted a permanent injunction against Mr. Drockton and his websites. *Id.* Also, the court awarded Rain International $2,000.00 as a sanction against Mr. Drockton and costs and fees in the amount of $12,008.18. *Id.*, PageID #14. This judgment, minus a payment of $1,252.33 received through garnishment, brought the total aggregate of monetary damages Mr. Drockton owes to Rain to $401,962.85 plus interest, which was $13,729.62 as of July 18, 2023. *Id.*

Mr. Drockton filed two cases in the United States District Court for the District of Utah. *Drockton v. Rain Int'l*, No. 2:20-cv-662 (D. Utah Dec. 23, 2020); *Drockton v. State of Utah*, No. 2:22-cv-00287 (D. Utah May 6, 2022) (brought against Rain International, Byron Belka, and Travis Perry). The former case was dismissed

4

for failure to satisfy the pleading requirements of Rule 8. The latter was dismissed under the *Rooker-Feldman* doctrine and the Anti-Injunction Act, because Mr. Drockton asked the federal court to enjoin Defendants from proceeding with current collection actions and to void judgments that the Utah courts already issued.

B. **Litigation in Ohio State Court**

At some point, Mr. Drockton left Utah and began residing in Ohio. Initially, he appears to have settled in Medina County. On March 10, 2023, Rain International filed an affidavit for foreign judgment in the Medina County Court of Common Pleas and efforts to collect on the Utah judgments. *See Rain Int'l v. Drockton*, No. 2023CIV0207 (Medina Cnty Ct. Com. Pl. filed Mar. 10, 2023). Mr. Drockton responded by filing numerous motions. *Id.* On April 26, 2023, the Medina County Common Pleas Court denied Mr. Drockton's motions and struck his counterclaim and discovery requests as barred by the vexatious litigant restrictions the Utah court imposed. Rain International sought a judgment debtor examination.

C. **Bankruptcy**

After multiple unsuccessful attempts to serve Mr. Drockton with the order to appear for a debtor's examination, Mr. Drockton filed for bankruptcy on July 24, 2023. *Id.* He filed a Chapter 7 bankruptcy case seeking to discharge his debts, including the Utah judgments in favor of Rain International. Pending disposition of the bankruptcy case, the Medina case is currently stayed.

Rain International filed an adversary proceeding against Mr. Drockton in bankruptcy court seeking to designate the Utah judgments as nondischargeable debt and to bar Mr. Drockton from seeking to relitigate matters already decided on the

5

merits in other courts. *Rain Int'l*, No. 23-01078, ECF No. 1 (Bankr, N.D. Ohio). Mr. Drockton moved to dismiss the bankruptcy action without prejudice on November 21, 2023. The bankruptcy court held a hearing on January 9, 2024 and orally granted Mr. Drockton's motion to dismiss. Three days later, Mr. Drockton filed this action against Rain International, Mr. Belka, Mr. Perry, and Innovative Flexpak.

## STATEMENT OF THE CASE

Plaintiff asserts nine claims for relief. First, he asserts that Rain International breached its 2013 distributor contract with him. He contends the contract required that all disputes be resolved through arbitration. Second, he claims that Rain International was unjustly enriched from the breach of the distribution agreement because it continued to collect commissions from individuals he recruited as distributors. Third, Plaintiff claims that Defendants retaliated against him by filing the defamation lawsuits and having him declared a vexatious litigator for disclosing information about the company on his social media and websites. He characterizes this claim as one for retaliation for engaging in State and federal whistleblower activities. Fourth, Plaintiff asserts the judgments against him are void *ab initio* and that Defendants have attempted fraudulently to collect these judgments. Fifth, he asserts that Defendants are attempting to collect a debt on behalf of a criminal pyramid scheme, which is illegal in Ohio, making the debt illegal. Sixth, Plaintiff claims he was denied due process in the Medina County Court of Common Pleas. He claims that the Medina County Common Pleas Court

6

incorrectly applied the vexatious litigant judgment from Utah to the collection action and seeks monetary damages against Defendants for having him declared a vexatious litigant. Seventh, Plaintiff asserts that Rain International's adversary proceeding in the bankruptcy proceeding was fraudulent and demonstrates that the Utah judgments against him are void. He asks the Court to set aside the Utah judgments as void and declare the alleged defamatory statements that were the subject of those cases to be true. Eighth, Plaintiff claims the filing of the Utah cases and the Ohio cases were in retaliation for him publishing the results of the product assay. Ninth, he claims that Defendants have engaged in malicious prosecution.

On February 5, 2024, Defendants moved to strike and to dismiss. (ECF No. 32.) They argue that the Court should strike the complaint because Plaintiff did not comply with the vexatious litigant orders of the Utah State court requiring the court to prescreen and approve all actions Plaintiff seeks to initiate. Also, they argue that the Court dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. They claim Plaintiff failed to establish diversity of citizenship because he stated that he resides in Ohio rather than stating he is a citizen of Ohio. Nor, in their view, does the complaint invoke federal question jurisdiction. Further, they assert that the *Rooker-Feldman* doctrine bars his claims. Finally, Defendants argue for dismissal under Rule 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(3) because the Northern District of Ohio is the improper venue for this action, and under Rule 12(b)(5) for improper service.

7

## JURISDICTION

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all disputes or questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases and controversies that the Constitution and Congress empower them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Under Rule 12(b)(1), the governing legal standard "depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 986–87 (S.D. Ohio 2020) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). Unlike a factual attack, which requires the district court to analyze conflicting evidence to determine whether it has jurisdiction, a facial attack "challenges the jurisdictional sufficiency of the complaint given those facts." *Id*. at 987 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a facial attack, a district court takes the factual allegations in the complaint as true, similar to the approach employed in reviewing a Rule 12(b)(6) motion to dismiss." *Id*. (citation omitted). However, the Court is "not bound to

8

accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff has the burden of establishing subject matter jurisdiction to survive a dismissal under Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Further, district courts may conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint not filed by a prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam). Also, the law authorizes *sua sponte* dismissal where the asserted claims lack an arguable basis in law or where the district court lacks subject matter jurisdiction. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## I. Diversity Jurisdiction

Defendants argue that Plaintiff has failed to establish diversity jurisdiction. In federal court, a plaintiff has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. *See* Fed. R. Civ. P. 8. In a case where federal jurisdiction is premised on diversity of citizenship, the plaintiff must state the citizenship of all parties to confirm the existence of complete diversity of the opposing parties. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003).

For purposes of determining whether diversity jurisdiction exists, residence and citizenship are not equivalent. *See Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). The citizenship of an individual for diversity purposes is his or her State of domicile. *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). To acquire a domicile within a particular State, a person must be physically present in the State and must have the intention to make his home there indefinitely. *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002). A corporation is a citizen of both its State of incorporation and the State where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the Court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)). Where the plaintiff merely states the residence of the parties, but not their citizenship, he has not met the burden of establishing diversity of citizenship jurisdiction, and the court must dismiss the suit. *Prime Rate Premium Fin. Corp*, 930 F.3d at 765.

In his complaint, Plaintiff alleges that "[d]uring the time of all material allegations, Plaintiff was a resident of Northern Ohio." (ECF No. 1, PageID #2.) Further, he states that "[a]t all times material to this lawsuit, all Defendants were residents of the State of Utah." (*Id.*) These allegations are deficient in two respects. First, they allege only residency, not citizenship. Two Defendants are business

10

entities and Plaintiff has not alleged facts necessary to establish their citizenship. Second, citizenship is determined at the time the action is filed, not at the time the incidents giving rise to the complaint occurred. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). As written, the complaint fails to establish diversity of citizenship, and Plaintiff did not attempt to correct this defect in his response to Defendants' motion to dismiss. (ECF No. 34; ECF No. 35.) For these reasons, Plaintiff fails to establish federal subject matter jurisdiction based on diversity of citizenship.

## II. Federal Question Jurisdiction

In addition, Plaintiff fails to establish that the Court has federal question jurisdiction. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Failure to state a claim on which the court may grant relief does not defeat jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks and alterations omitted). However, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). A complaint may be dismissed for lack of subject-matter jurisdiction based on the inadequacy of the federal claim only where the claim is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*,

183 F.3d at 479; *see Steel Co.*, 523 U.S. at 89 (recognizing that a federal lacks jurisdiction where a complaint is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.").

In his complaint, Plaintiff identifies a single federal claim—an alleged denial of due process. He claims that the Medina Court of Common Pleas denied him due process because they applied the vexatious litigator order issued by the Utah State court. He seeks to hold the Defendants liable for the decision of the Medina Common Pleas Court because they asked the Utah court to declare him a vexatious litigator. That claim is too attenuated from Defendants to provide a basis for federal question jurisdiction. Even taking his allegations as true, Defendants did not deny him due process—a State court did. He does name a State court or judicial officer as a Defendant, and immunity would bar such a claim in any event.

Defendants identify two other potential federal claims in Plaintiff's complaint. First, they raise the prospect of a claim under the Racketeer Influenced Corrupt Organizations Act. However, Plaintiff does not actually assert a RICO claim. Instead, he indicates that he might assert a RICO claim in a future amended pleading. (ECF No. 1, PageID #13.) But the parties may not predicate federal jurisdiction on unpled claims that might (or might not) be raised later. After all, jurisdiction is determined at the time of filing. Second, Defendants point to Plaintiff's allegation of "federal and state whistleblower" retaliation as a possible federal question. State and federal law contain several statutes that might be

12

considered as giving rise to whistleblower claims. Plaintiff does not identify any particular federal (or State) statute for any such claim and does not include any factual allegations to suggest which statute, if any, might apply in this case. A general claim of a violation of federal law does not suffice to invoke federal jurisdiction.

In addition, Plaintiff's complaint contains few if any factual allegations. It consists almost entirely of legal conclusions. While he lists the names of Defendants, he does not allege what any of them actually did that gives rise to any claim he might wish to assert against any of them. Plaintiff provides no indication of how Innovative Flexpak is connected to this case. He states only that Mr. Belka is the Owner/CEO of Rain International and that Mr. Perry is the "principal owner" of Rain International. That is the extent of his allegations relating to these Defendants. Without more and with unsupported legal conclusions, the complaint is unsubstantial and attenuated. It fails to meet basic pleading requirements and fails to support the Court's subject matter jurisdiction. In short, Plaintiff has not identified a colorable federal claim that would support the exercise of federal question jurisdiction.

## CONCLUSION

As mentioned, Defendants challenge personal jurisdiction, venue, and service. Also, they make arguments based on res judicata and the *Rooker-Feldman* doctrine. Because the Court lacks subject matter jurisdiction, it has no occasion or power to weigh in on these issues. Therefore, the Court declines to consider them.

Similarly, the Court expresses no opinion on any of the other numerous motions pending. Because the Court lacks subject jurisdiction, it has no occasion or power to consider these matters either. Therefore, the Court **DENIES WITHOUT PREJUDICE** each and every pending motion as moot. However, a State court declared Mr. Drockton a vexatious litigator, and in the month that this case has been pending there are now some 23 motions of one kind or another pending. Based on this volume of filings in a short period of time, the Court warns Mr. Drockton that, if he continues his serial filings, he jeopardizes his right to file in this Court. Failure to follow this warning may result in requiring Mr. Drockton to seek leave prior to any future filings.

For all these reasons, pursuant to Rule 12(b)(1), the Court **GRANTS** Defendants' motion to dismiss for lack of jurisdiction. (ECF No. 32.)

**SO ORDERED.**

Dated: February 15, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio